UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                    ORDER

MAURICE HOLLIS,                            No. 15-CR-509-6 (CS)

              Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Maurice Hollis's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (ECF No. 322.)

      Defendant was charged with narcotics conspiracy (carrying a ten-year mandatory minimum) and use of a firearm in connection with that conspiracy (carrying a mandatory minimum consecutive five years). (ECF No. 2.) He was permitted to plead guilty to three counts of use of telephone in facilitation of a narcotics conspiracy. (ECF Nos. 84, 143.) On November 30, 2016, he was sentenced principally to 96 months' imprisonment. (ECF No. 143.) His projected release date is September 14, 2024. He argues that his sentence should be reduced to time served because he has been rehabilitated and further time would serve no purpose.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is

substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

While Defendant describes a commendable history of participating in programming, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t). I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020), but Defendant presents no other factors. Further, Defendant's participation in programming is praiseworthy, but it is not exceptional or even unusual. Similarly, maintaining good conduct in prison[1] is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

Because Defendant has not shown an extraordinary and compelling reason, the motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 322, and to send a copy

---

[1] Defendant's motion includes records showing no disciplinary record in the last six months, (ECF No. 322 at 3-4), but I am not aware of what record, if any, exists for the period before that.

of this Order to Maurice Hollis, No. 72676-054, USP Hazelton, U.S. Penitentiary, P.O. Box 2000, Bruceton Mills, WV  26525.

Dated: June 16, 2023
      White Plains, New York

 

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.